# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS (El Paso)

| | |
|---|---|
| **DIANE BLOBERG,**<br><br>Plaintiff,<br><br>v.<br><br>**AKIMA GLOBAL SERVICES, LLC,**<br><br>Defendant. | Case No. 3:23-cv-00312<br><br>**DEFENDANT AKIMA GLOBAL SERVICES, LLC'S NOTICE OF REMOVAL** |

## NOTICE OF REMOVAL

Defendant, Akima Global Services, LLC ("AGS" or "Defendant"), in the above-captioned state court suit filed by Plaintiff Diane Bloberg ("Plaintiff"), and now pending in the 34th District Court in El Paso County, Texas, Case No. 2023DCV2330, files this Notice of Removal of Plaintiff's lawsuit from state court to the United States District Court for the Western District of Texas on the following grounds:

1. On July 20, 2023, Plaintiff filed her original petition with jury demand ("Complaint") in the 34th District Court in El Paso County, Texas, entitled "Diane Bloberg, Plaintiff v. Akima Global Services, LLC, Defendant." A copy of Plaintiff's Complaint, Case No. 2023DCV2303, is attached hereto as Exhibit 1.

2. Plaintiff alleges discrimination and retaliation against AGS under the Americans with Disabilities Act as Amended ("ADA"), 42 U.S.C. § 12101.

3. Defendant AGS was served with Plaintiff's Complaint by certified mail on July 31, 2023. A copy of the other documents on the civil docket for the state court action entitled "Diane Bloberg, Plaintiff v. Akima Global Services, LLC, Defendant," Case No. 2023DCV2330, are

1

attached as Exhibit 2, consisting of: the Civil Docket Register of Actions; Citation Request; Citation; and Return of Service.

4. The 34th District Court in El Paso County, Texas, is within the federal judicial district of the United States District Court for the Western District of Texas.

5. As demonstrated herein, this action is removed pursuant to 28 U.S.C. § 1331 and § 1332, because the petition raises an issue of federal question, and because the parties and interests are diverse, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

## BASIS FOR REMOVAL

### *Federal Question Jurisdiction*

6. Federal jurisdiction is based on federal question jurisdiction pursuant to 28 U.S.C. § 1331. In her Complaint, Plaintiff alleges discrimination and retaliation in violation of federal statute, the ADA. (*See* Ex. 1.) This action is of a civil nature seeking monetary damages from Defendant and relief pursuant to a law or laws of the United States. (Id.)

7. This action is removed pursuant to 28 U.S.C. §1441(a), as Plaintiff's ADA claims are within the "original jurisdiction" of district courts pursuant to 28 U.S.C. § 1331. Therefore, the requisite federal question for original jurisdiction as required by 28 U.S.C. § 1441(a) is satisfied.

### *Diversity Jurisdiction*

8. Federal diversity jurisdiction is also appropriate, and this action is removed pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. § 1332(a) because the parties and interests are diverse, and the Petition expressly alleges that the amount in controversy exceeds the sum of $75,000, exclusive of interest, costs, and attorney's fees.

*Diversity of Citizenship*

9. Plaintiff alleges in her Petition that she is a resident of Texas. (Ex. 1, at ¶2.)

10. AGS is a limited liability company organized under the laws of Alaska, with its headquarters and principal place of business in Herndon, Virginia.[1] For purposes of diversity jurisdiction, the citizenship of a limited liability company is determined by the citizenship of all of its members. *Carden v. Arkoma Associates*, 494 U.S. 185 (1990). Further, a corporation "shall be deemed a citizen of any state by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

11. AGS is a wholly owned subsidiary of Akima, LLC.[2] Akima LLC is a limited liability company organized under the laws of Alaska with its headquarters and principal place of business located in Herndon, Virginia.[3]

12. Akima, LLC is a wholly owned subsidiary of NANA Regional Corporation, Inc..[4] Both Akima, LLC and NANA Regional Corporation, Inc. are organized under the laws of Alaska. NANA Regional Corporation, Inc. is headquartered in Anchorage, Alaska.[5]

13. Therefore, AGS is a wholly owned subsidiary of NANA Regional Corporation, Inc..

14. As such, Defendant, AGS, is a citizen of Alaska and Virginia.

15. Because Plaintiff and AGS are completely diverse, the first element of establishing diversity jurisdiction for purposes of removal is met.

---

[1] *See* public filings with the Secretary of State of Alaska, attached as Exhibit 3, and the Secretary of State of Virgina, attached as Exhibit 4. *Vernon Feeders, LLC v. Cabaniss Dairy, LLC*, No. 7:13-CV-00069-O, 2013 WL 12137768, at *1 (N.D. Tex. July 9, 2013) (taking judicial notice of the public records of the Texas Secretary of State that pertain to a party's entity status).
[2] Ex. 3.
[3] *See* public filing with the Secretary of State of Alaska, attached as Exhibit 5.
[4] *Id.*; s*ee* public filing with the Secretary of State of Alaska, attached as Exhibit 6.
[5] Ex. 6.

### *Sufficient Amount in Controversy*

16. The second element of diversity jurisdiction – amount in controversy exceeding $75,000 – is also plainly met.

17. Plaintiff seeks damages for her alleged injuries due to alleged discrimination and retaliation. (Ex. 1, at ¶24.)  For these claims, Plaintiff seeks damages for economic and non-economic harms and losses, lost wages and benefits, employment opportunities, lost income, mental anguish, and other losses, plus punitive damages. (*Id.*).

18. In her Complaint, Plaintiff expressly asserts that the amount in controversy exceeds $75,000. (Ex. 1, at Section X, Prayer.)  Plaintiff alleges "actual damages over $200,000.00." (*Id.*)   "A court may determine the amount in controversy from the face of the complaint." *Lopez v. Fields*, No. CIV.A. H-06-2079, 2006 WL 2137205, at *1 (S.D. Tex. July 28, 2006) citing *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir.1995).  "If the plaintiff has alleged a sum that exceeds the amount in controversy, that amount controls if made in good faith."  *Lopez*, 2006 WL 2137205, at *1, citing *Garcia v. Koch Oil Co. of Tex., Inc.,* 351 F.3d 636, 638 (5th Cir. 2003).

19. Although Defendant denies Plaintiff is entitled to any damages or recovery, it is explicitly apparent from the Petition that the amount in controversy is in excess of $75,000.

20. As such, though Defendant denies any liability as to Plaintiff's claims, there can be no doubt or dispute that the amount in controversy meets the jurisdictional threshold of $75,000 based on the express allegations in the Complaint.

21. For these reasons, and the diversity of citizenship between Defendant AGS and Plaintiff, removal is appropriate under 28 U.S.C. § 1441(b).

## REMOVAL IS TIMELY

22. Pursuant to 28 U.S.C. § 1446(b)(1), this Notice of Removal is timely because it is filed within 30 days after receipt by Defendant of the papers that provide the basis for removal of this action.

## REMOVAL IS PROPERLY FILED

23. Removal to the United States District Court for the Western District of Texas is an appropriate venue for removal pursuant to 28 U.S.C. §§ 1391, 1441(a), and 1446(a).

24. Pursuant to 28 U.S.C. § 1441(a), Plaintiff's Petition may be removed to this Court because the United States District Court for the Western District of Texas is the district embracing the place where the Petition is currently pending.

25. Pursuant 28 U.S.C. § 1446(a) and (d), this Notice of Removal complies with the requirements concerning a short and plain statement for the grounds of removal and the filing of all process, pleadings, and orders served upon Defendant from the state court action. (*See* Exs. 1, 2.)

26. In accordance with 28 U.S.C. § 1446(d), Defendant will, promptly after filing this Notice of Removal, give written notice of the removal to the adverse party and will file a copy of this Notice of Removal with the 34th District Court in El Paso County, Texas. A copy of the Notice to State Court of Removal of Civil Action is attached hereto as Exhibit 7.

WHEREFORE, Defendant gives notice that the above-captioned action, filed in the 34th District Court in El Paso County, Texas on July 20, 2023, has been removed to the United States District Court for the Western District of Texas.

Respectfully submitted on this 21st day of August, 2023.

*/s/ Samuel Zurik III*
SAMUEL ZURIK III (TX Bar No 24044397)
The Kullman Firm

A Professional Law Corporation
1600 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone: (504) 524-4162
Facsimile: (504) 596-4189
E-Mail: SZ@kullmanlaw.com

**COUNSEL FOR AKIMA GLOBAL SERVICES, LLC**

## CERTIFICATE OF SERVICE

I certify that on the 21st day of August, 2023, I caused to be served the foregoing pleading by U.S. mail, postage prepaid, and/or using the CM/ECF system, on the following parties:

Enrique Chavez, Jr.
CHAVEZ LAW FIRM
2101 Stanton Street
El Paso, Texas 79902
enriquechavezjr@chavezlawpc.com
Michael R. Anderson
Manderson@chavezlawpc.com
Christine A. Chavez-Osterberg
**Counsel for Plaintiff**

*/s/ Samuel Zurik III*