# EXHIBIT 1

DIANE BLOBERG,
    Plaintiff,
v.                                                                  Cause No.

AKIMA GLOBAL SERVICES, LLC,
    Defendant.

<u>PLAINTIFF'S ORIGINAL PETITION WITH JURY DEMAND
AND NOTICE OF REQUIRED DISCLOSURES</u>

TO THE HONORABLE COURT:

    Plaintiff, Diane Bloberg ("Employee Bloberg" or "Plaintiff"), now complains of Defendant, Akima Global Services, LLC ("Employer Akima Global Services" or "Defendant"), and respectfully shows the Court and jury as follows:

## I. DISCOVERY LEVEL.

1. Discovery is intended to be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure.

## II. PARTIES.

2. Plaintiff Diane Bloberg is a natural person residing in El Paso, Texas.

3. Defendant Akima Global Services, LLC is a foreign limited liability company organized and existing under the laws of the State of Alaska, whose principal office is located at 13873 Park Center Road, Suite 400N, Herndon, Virginia 20171, and may be served with process by serving its registered agent, C T Corporation System, at 1999 Bryan St., Ste. 900, Dallas, Texas 75201, or wherever it may be found.

### III. VENUE.

4. Pursuant to Texas Civil Practice and Remedies Code Sections 15.002, venue is proper in El Paso County, Texas because all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in El Paso County, Texas.

### IV. FACTS OF THE CASE.

5. Employers MUST never discriminate against employees who are disabled or perceived to be disabled to protect employees, like all of us, from financial losses and emotional harms due to job loss.

6. Employers MUST provide a reasonable accommodation to disabled employees for a known disability, when not an undue burden, to protect employees from physical and emotional harms and financial losses due to job loss.

7. Employers MUST prevent retaliatory job terminations against employees who engage in legally protected conduct, such as reporting a disability or requesting a reasonable accommodation for a disability, to protect employees, like us all, from financial injuries and emotional trauma.

8. Akima Global Services, LLC is an employer.

9. Employer Akima Global Services MUST never discriminate against employees who are disabled or perceived to be disabled to protect employees, like all of us, from financial losses and emotional harms due to job loss.

10. Employer Akima Global Services MUST provide a reasonable accommodation to disabled employees for a known disability, when not an undue burden, to protect employees from physical and emotional harms and financial losses due to job loss.

11. Employer Akima Global Services MUST prevent retaliatory job terminations against employees who engage in legally protected conduct, such as reporting a disability or requesting a reasonable accommodation for a disability, to protect employees, like us all, from financial injuries and emotional trauma.

12. On or about July 2022, Employer Akima Global Services hires an Employee as a security guard.

13. Employer Akima Global Services assigns the Employee to work as a security guard for unaccompanied minors housed on Ft. Bliss.

14. On or about September 2022, Employer Akima Global Services Supervisor Eduardo Escobar receives a letter from the Employee's doctor requesting Akima Global Services provide the Employee with a reasonable accommodation for the Employee's disability -- parasthesia, heel spurs, and plantar fasciitis -- in the form of allowing the Employee to sit for 10 minutes every three hours.

15. Employer Akima Global Services is aware that there is a chair right next to the Employee as the Employee is standing as a security guard.

16. Employer Akima Global Services Project Director Robert Rillamas refuses to provide the Employee with the reasonable accommodation.

17. Employer Akima Global Services Supervisor Eduardo Escobar tells the Employee that Akima Global Services does not provide accommodations to anyone.

18. On or about September 2022, Employer Akima Global Services Supervisor Eduardo Escobar places the Employee on medical leave and refuses to allow the Employee to return to work until she can work without any restrictions.

19. On or about November 2022, Employer Akima Global Services terminates the Employee.

20. That Employee is Diane Bloberg.

## V. CAUSES OF ACTION.

### Disability Discrimination and Retaliation

21. Plaintiff was discriminated, retaliated against, and fired in violation of the Americans with Disabilities Act of 1990, as amended by the Americans with Disabilities Amendments Act of 2008, which protect disabled employees, and employees perceived as being disabled, from discrimination and retaliation.

22. All conditions precedent to the filing of this action have occurred or have been fulfilled.

## VI. NOTICE OF RIGHT TO SUE.

23. Attached as Exhibit A is the Notice of Right to Sue issued by the U.S. Equal Employment Opportunity Commission for Plaintiff.

## VII. DAMAGES.

24. As a direct and proximate result of Defendant's discrimination, retaliation, and conduct against Plaintiff as described above, Plaintiff has suffered economic and non-economic harms and losses. Plaintiff's harms and losses include in the past and the future: lost wages and benefits, employment opportunities, lost income, loss of earning capacity, mental anguish, emotional pain and suffering, inconvenience, loss of enjoyment of life, other economic and non-pecuniary losses, and punitive damages.

## VIII. JURY DEMAND.

25. Plaintiff requests that this case be decided by a jury as allowed by Texas Rule of Civil Procedure 216.

IX. NOTICE OF REQUIRED DISCLOSURES.

26. Pursuant to Texas Rules of Civil Procedure 194 and 195, Defendant is required to disclose the information and material described therein.

X. PRAYER.

For these reasons, Plaintiff asks that Defendant be cited to appear and answer and that Plaintiff have judgment against Defendant for the following: actual damages over $200,000.00 but not more than $1,000,000.00, including, but not limited to, lost income, pain and suffering, bodily injury, mental anguish, impairment, inconvenience, loss of enjoyment of life, benefits, loss of earning capacity, punitive damages, pre-judgment and post-judgment interest as allowed by law, attorneys' fees, costs of suit, and such other and further relief to which Plaintiff may be justly entitled in law and in equity. Such damages sought by Plaintiff are within the jurisdictional limits of the court.

**SIGNED** this 20th day of July 2023.

Respectfully submitted,

**CHAVEZ LAW FIRM**
2101 Stanton Street
El Paso, Texas 79902
(915) 351-7772

By: _____
Enrique Chavez, Jr.
State Bar No.: 24001873
enriquechavezjr@chavezlawpc.com
Michael R. Anderson
State Bar No.: 24087103
manderson@chavezlawpc.com
Christine A. Chavez-Osterberg
State Bar No. 24109717
*Attorneys for Plaintiff*

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Legal Assistant on behalf of Enrique Chavez
Bar No. 24001873
legalassistant@chavezlawpc.com
Envelope ID: 77735468
Filing Code Description: Petition
Filing Description: Plaintiff's Original Petition with Jury Demand and Notice of Required Disclosures / aa
Status as of 7/20/2023 3:54 PM MST

Associated Case Party: Diane Bloberg

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Enrique Chavez | | enriquechavezjr@chavezlawpc.com | 7/20/2023 3:49:45 PM | SENT |

# Exhibit A

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**Washington Field Office**
131 M Street, NE Fourth Floor, Suite 4NWO2F
Washington, DC 20507
(800) 669-4000
Website: www.eeoc.gov

# DETERMINATION AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 04/25/2023

**To:** Ms. Diane Bloberg
10642 Jetrock Drive
EL PASO, TX 79935

Charge No: 453-2022-01410

| EEOC Representative and email: | MARDJON HEDAYATI
Investigator
mardjon.hedayati@eeoc.gov |
|---|---|

## DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 453-2022-01410.

On behalf of the Commission,

Digitally Signed By:Mindy Weinstein
04/25/2023

Mindy Weinstein
Director

**Cc:**
Yvonne Shimokado
Akima Global Services
2553 DULLES VIEW DR
HERNDON, VA 20171

Ian Bolden
2553 DULLES VIEW DR STE 700
Herndon, VA 20171


Please retain this notice for your records.

Enclosure with EEOC Notice of Closure and Rights (01/22)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

**IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT**

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

**ATTORNEY REPRESENTATION**

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

**HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS**

There are two ways to request a charge file: 1) a FOIA Request or 2) a Section 83 request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your request for the charge file promptly to allow sufficient time for EEOC to respond and for your review. Submit a signed written request stating it is a "FOIA Request" or a "Section 83 Request" for Charge Number 453-2022-01410 to the District Director at Mindy Weinstein, 131 M Street, NE Fourth Floor Suite 4NWO2F

Washington, DC 20507.

You can also make a FOIA request online at https://eeoc.arkcase.com/foia/portal/login.

Enclosure with EEOC Notice of Closure and Rights (01/22)

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA Requests and Section 83 Requests, go to: https://www.eeoc.gov/eeoc/foia/index.cfm.

### NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA)

The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at: http://www.eeoc.gov/laws/types/disability_regulations.cfm.

**"Actual" disability or a "record of" a disability**

If you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability:

- ✓ **The limitations from the impairment no longer must be severe or significant** for the impairment to be considered substantially limiting.

- ✓ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.

- ✓ **Only one** major life activity need be substantially limited.

- ✓ Except for ordinary eyeglasses or contact lenses, the beneficial effects of **"mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.

- ✓ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or "**in remission**" (e.g., cancer) is a disability if it **would be substantially limiting when active**.

- ✓ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

Enclosure with EEOC Notice of Closure and Rights (01/22)

**"Regarded as" coverage**

An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

- ✓ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.

- ✓ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively **both** transitory (lasting or expected to last six months or less) **and** minor.

- ✓ A person is not able to bring a failure to accommodate claim **if** the individual is covered only under the "regarded as" definition of "disability".

***Note:** Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For moreinformation, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.